UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) | |
| RITA HAYWARD and TERRENCE SCOTT, ) | |
| ) | CIVIL ACTION NUMBERS: |
| Plaintiffs, ) | 3:11-0821 |
| ) | 3:15-0404 |
| v. ) | |
| ) | CHIEF JUDGE SHARP |
| SAVASENIORCARE, LLC, ) | MAGISTRATE JUDGE BRYANT |
| SAVASENIORCARE CONSULTING, LLC, ) | |
| SAVASENIORCARE ADMINISTRATIVE ) | |
| SERVICES, LLC, and SSC SUBMASTER ) | |
| HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' NOTICE OF ELECTION TO INTERVENE
IN PART AND TO DECLINE TO INTERVENE IN PART
AND REQUEST TO EXTEND THE SEAL**

Pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States notifies the Court of its decision to intervene in part of these consolidated actions and to decline to intervene in part of these consolidated actions. The United States intervenes in those parts of the actions which allege that defendants SavaSeniorCare, LLC; SavaSeniorCare Administrative Services, LLC; SavaSeniorCare Consulting, LLC; and SSC Submaster Holdings, LLC submitted or caused the submission of false claims to Medicare for rehabilitation therapy services that were not covered by the Medicare Part A skilled nursing facility benefit, not medically reasonable and necessary, and/or not skilled in nature. The United States declines to intervene with respect to all other allegations. The United States requests 90 days to file its Complaint, in accordance with Rule 4 of the Federal Rules of Civil Procedure.

In addition, the United States requests that these consolidated actions, the relators' Complaints, the relators' First Amended Complaints, this Notice, and the attached proposed Order remain under seal for 90 days following the date of the Order, after which time they be unsealed. The United States makes this request with consent of counsel for Sava. Counsel for relators also consent. The United States and Sava are currently exploring settlement, which provides the possibility of avoiding litigation and conserving judicial resources. All parties are in agreement that effective settlement discussions are fostered by keeping these documents under seal for this limited period. The United States also requests that all other papers on file in these actions remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

Although the United States declines to intervene in portions of these actions, we respectfully refer the Court to 31 U.S.C. § 3730(b)(1), which allows relators to maintain the declined portions of the actions in the name of the United States; providing, however, that the "action[s] may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." Id. Therefore, the United States requests that, should either relators or the defendants propose that the parts of the actions in which the United States has not intervened be dismissed, settled, or otherwise discontinued, this Court solicit the written consent of the United States before ruling or granting its approval.

Furthermore, pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all pleadings filed in these actions, even as to the non-intervened parts of the actions, be served upon the United States; the United States also requests that all orders issued by the Court be sent to the Government's counsel. The United States reserves its right to order any deposition transcripts

2

and to intervene in those portions of the actions in which it is declining to intervene today, for good cause, at a later date.

The United States reserves the right to seek the dismissal of relators' actions or claims on any appropriate grounds, including under 31 U.S.C. §§ 3730(b)(5) and (e)(4).

A proposed order accompanies this notice.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        DAVID RIVERA
        United States Attorney
        Middle District of Tennessee

By:  s/Christopher C. Sabis
    CHRISTOPHER C. SABIS, BPR #030032
    Assistant U.S. Attorney
    Suite A-961, 110 9th Avenue, South
    Nashville, Tennessee 37203-3870
    Telephone: (615) 736-5151
    Fax: (615) 401-6626
    Email: christopher.sabis@usdoj.gov

    MICHAEL D. GRANSTON
    ANDY MAO
    ALISON B. ROUSSEAU
    S. CHARTEY QUARCOO
    Attorneys, Civil Division
    U.S. Department of Justice
    601 D Street, N.W.
    Washington, DC 20530
    Telephone: (202) 353-1192
    Fax: (202) 305-7797

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Election to Intervene in Part and to Decline to Intervene in Part and proposed Order was served via E-Mail and/or First Class U.S. Mail, postage prepaid on July 20, 2015, to the following:

Michael Hamilton, Esq.
Provost & Umphrey, LLP
2021 Richard Jones Rd., Suite 300
Nashville, TN 37215

Patrick Barrett, Esq.
Barrett Law Office
2021 Richard Jones Road, Suite 300
Nashville, TN 37215

Regina D. Poserina, Esq.
Begelman, Orlow & Melletz, P.C.
411 Route 70 East, Suite 245
Cherry Hill, NJ 08034

David W. Garrison, Esq.
Scott P. Tift, Esq.
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Loren Jacobson, Esq.
Caitlyn Silhan, Esq.
Waters & Kraus LLP
3219 McKinney Avenue
Dallas, TX 75204

Dan Hargrove, Esq.
Waters & Kraus LLP
600 Navarro St., #500
San Antonio, TX 78205

Christopher McKinney, Esq.
The McKinney Law Firm, P.C.
18756 Stone Oak Parkway, #200
San Antonio, TX 78259

Because this action is under seal pursuant to 31 U.S.C. §§ 3729-3733, as amended, Defendants have not been served with copies of the foregoing Notice.

 s/Christopher C. Sabis
CHRISTOPHER C. SABIS
Assistant U.S. Attorney