IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RITA HAYWARD, TRAMMEL KUKOYI, and TERRENCE SCOTT, <br><br> Plaintiffs, <br><br> v. <br><br> SAVASENIORCARE, LLC, SAVASENIORCARE CONSULTING, LLC, SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, and SSC SUBMASTER HOLDINGS, LLC, <br><br> Defendants. | CIVIL ACTION NUMBERS: <br> 3:11 – cv - 00821 <br> 3:15 – cv - 00404 <br> 3:15 – cv - 01102 <br><br> CHIEF JUDGE SHARP <br> MAGISTRATE JUDGE BRYANT |

**UNITED STATES' RESPONSE TO
DEFENDANTS' MOTION FOR A STATUS CONFERENCE**

In advance of the case management conference scheduled for August 19, 2016, and in response to Defendants' ("Sava's") motion for a status conference, the United States respectfully submits this memorandum to state its position on the three issues that Sava identified in its motion.

The first discovery issue that the United States intends to raise with the Court at the case management conference is whether Sava must produce documents in this litigation from custodians whose documents were collected during the United States' investigation.[1] The custodians for whom Sava collected documents during the investigation have materials relevant

---

[1] Although the parties have been discussing a potential predictive coding protocol for Sava to use in the litigation, the parties have not yet agreed to that protocol. Further, the United States believes that Sava is obligated to produce responsive documents for these custodians throughout the litigation, whether or not Sava utilizes predictive coding or another method (i.e., electronic search terms) to identify documents responsive to each request for production.

to the issues involved in the litigation. To reach a compromise on this issue, the United States has proposed that Sava run any agreed-upon predictive coding protocol over the corporate custodians collected during the investigation whose responsibilities related directly or indirectly to any of the 39 facilities identified in the United States' requests for production, along with documents collected from any shared drives or servers. This would limit the United States' request to approximately 29 of the 77 custodians that Sava collected during the investigation. The United States' request is proportional to the needs of the case, and the benefit of this request far outweighs any associated burden or cost for Sava.

Although Sava contends that this request is duplicative, the United States has in fact requested to date in the litigation several categories of documents that were not sought during the investigation, and as discovery proceeds, the United States may request additional categories of documents not requested during the investigation. The fact that the United States requested that Sava collect documents for a circumscribed list of custodians during its investigation—for the limited purpose of deciding whether to intervene in relators' *qui tam* actions—should not preclude the United States from seeking additional documents from those same custodians now that the parties are in litigation. Moreover, the United States believes that the predictive coding process that Sava used during the investigation did not capture many relevant documents from the collected custodians. During the investigation, the United States learned that Sava had identified a number of particularly responsive documents by utilizing certain search terms outside of the agreed-upon predictive coding process. The United States believes that the 25,842 documents and emails (including email "families") returned when Sava ran those search terms across collected documents, excluding those previously produced, demonstrate that the predictive coding exercise used during the investigation failed to identify a significant number of

2

relevant emails.  Lastly, Sava has cited a cost of $90,000 to run the proposed predictive coding protocol over the previously-collected documents, plus any cost associated with a privilege review and a review of the documents the parties have agreed would be handled outside of any predictive coding protocol.  Sava's cited cost is extremely small, however, compared to the $1.4 billion that Sava received from Medicare Part A services during the relevant time period, and the United States expects that the cost would drop significantly based on the United States' proposed compromise to narrow the investigative custodian list.

The second discovery issue that the United States plans to raise at the case management conference is the date range for materials responsive to the United States' requests for the production of documents to Sava.  The United States' complaint defines the relevant time period as October 1, 2008 to September 30, 2012.  The United States believes that the appropriate date range for Sava's responsive materials should be January 1, 2008 to December 31, 2012—nine months preceding and three months following the relevant time period.  During the investigation, Sava produced many relevant emails dated between January 1, 2008 and October 1, 2008 that reflect corporate guidance and pressure on Sava's facilities preceding any claims submitted during the early portion of the relevant time period.  Documents from several months after the end of the relevant time period identified in the complaint would likely be similarly probative of claims submitted in that latter timeframe.  Sava has never quantified any purported burden or expense related to producing documents from the requested date range.

Finally, the United States notes that Sava has not yet provided the United States with its proposed dates for a revised case management order, even though the United States provided Sava with proposed dates during a telephone call on July 27, 2016, and despite Sava's assurances that it would provide such dates to the United States the week of August 1, 2016.  The United

States also notes that, during the initial case management conference in April 2016, Sava raised the issue of whether the United States should provide expert disclosures related to the medical record review on a "rolling basis." The Court did not incorporate Sava's request into the initial case management order. Sava is now attempting to re-litigate this request, which the United States opposes for the same reasons discussed during the initial case management conference.

The dates the United States proposes for a revised case management schedule are:

| Event | Initial Case Management Order | United States' Proposal |
|---|---|---|
| Motions to Amend | Oct. 31, 2016 | Dec. 31, 2016 |
| Fact Discovery (close) | Feb. 28, 2017 | Nov. 10, 2017 |
| Expert Witnesses | Plaintiffs: March 31, 2017<br>Defendants: May 31, 2017<br>Rebuttals: N/A<br>Depositions: July 31, 2017 | Plaintiffs: May 8, 2017<br>Defendants: Aug. 7, 2017<br>Rebuttals: Sept. 8, 2017<br>Depositions: Nov. 10, 2017 |
| Dispositive Motions | Motions: Aug. 31, 2017<br>Oppositions: Sept. 28, 2017<br>Replies: Oct. 12, 2017 | Motions: Jan. 12, 2018<br>Oppositions: Feb. 16, 2018<br>Replies: March 2, 2018 |
| Pretrial Conference | Jan. 22, 2018 | June 11, 2018 |
| Trial Date | Feb. 6, 2018 | June 26, 2018 |

In addition, given the scope of the allegations in the complaint, the United States has proposed that the ten (10) deposition limit contained in Federal Rule of Civil Procedure 30(a)(2) may not be feasible and proposed that the United States and Defendants may, without obtaining leave of Court, take up to thirty (30) depositions in addition to the depositions of each witness listed in the Rule 26(a)(1) disclosures submitted by the opposing parties.

Dated: August 10, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

DAVID RIVERA
United States Attorney
Middle District of Tennessee

By: s/Christopher C. Sabis
CHRISTOPHER C. SABIS, BPR #030032
Assistant U.S. Attorney
Suite A-961, 110 9th Avenue, South
Nashville, Tennessee 37203-3870
Tel.: (615) 736-5151
Fax: (615) 401-6626
E-mail: christopher.sabis@usdoj.gov

MICHAEL D. GRANSTON
ANDY MAO
ALISON B. ROUSSEAU
S. CHARTEY QUARCOO
SETH W. GREENE
CHRISTOPHER TERRANOVA
Attorneys, Civil Division
U.S. Department of Justice
601 D Street, NW
Washington, D.C. 20530
Tel.: (202) 353-1192

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response to Defendants' Motion for a Status Conference is being served, by use of the Court's electronic case management system, on August 10, 2016, to the following:

| | |
|---|---|
| Joel M. Androphy<br>Sarah Mary Frazier<br>Janis Gorton<br>Berg & Androphy<br>3704 Travis Street<br>Houston, TX  77002<br>Email:  jandrophy@bafirm.com<br>Email:  sfrazier@bafirm.com<br>Email:  jgorton@bafirm.com | Patrick M. Barrett, III<br>Barrett Law Office, PLLC<br>4205 Hillsboro Pike, Suite 303<br>Nashville, TN  37215<br>Email:<br>pbarrett@barrettlawofficetn.com |
| Ross Begelman<br>Begelman, Orlow & Melletz (PA Office)<br>7415 West Chester Pike<br>Upper Darby, PA  19082<br>Email:<br>Ross.Begelman@begelmanorlow.com | Jay Scott Bowen<br>William V. Parson, III<br>Shackelford Bowen Zumwalk & Hayes<br>47 Music Square East<br>Nashville, TN  37203<br>Email:  jbowen@shackelfordlaw.net<br>Email:  wparsons@shakelfordlaw.net |
| David W. Garrison<br>Scott P. Tift<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN  37219<br>Email:<br>dgarrison@barrettjohnston.com<br>Email:  stift@barrettjohnston.com | William Michael Hamilton<br>Provost, Umphrey Law Firm, LLP<br>4205 Hillsboro Pike, Suite 303<br>Nashville, TN  37215<br>Email:  mhamilton@pulf.com |
| Daniel Hargrove<br>Daniel L. Hargrove, PC<br>P.O. Box 90177<br>San Antonio, TX  78209<br>Email:  dh@hargrove-law.com | Mary Elizabeth McCullohs<br>Tennessee Attorney's General Office<br>P.O. Box 20207<br>Nashville, TN  37202<br>Email:  mary.mccullohs@ag.tn.gov |

| | |
|---|---|
| Loren Jacobson<br>Caitlyn Shilhan<br>Charles S. Siegel<br>Waters & Kraus, LLP<br>3219 McKinney Avenue<br>Dallas, TX  75204<br>Email:  ljacobson@waterskraus.com<br>Email:  csilhan@waterskraus.com<br>Email: siegel@waterskraus.com | Kevin B. Getzendanner<br>Glenn P. Hendrix<br>Daniel L. Hobson<br>W. Jerad Rissler<br>Arnall Golden Gregory, LLP (Atlanta Office)<br>171 17th Street, NW, Suite 2100<br>Atlanta, GA  30363<br>Email: kevin.getzendanner@agg.com<br>Email:  glenn.hendrix@agg.com<br>Email:  david.hobson@agg.com<br>Email:  jerad.rissler@agg.com |
| Christopher J. McKinney<br>The McKinney Law Firm, PC<br>110 Broadway St., Suite 420<br>San Antonio, TX  78205<br>Email: chris@themckinneylawfirm.com | Regina D. Poserina<br>Begelman, Orlow & Melletz<br>411 E Route 70, Suite 245<br>Cherry Hill, NJ  08034<br>Email: regina.poserina@begelmanorlow.com |
| L. Lin Wood<br>L. Lin Wood, P.C.<br>1180 W Peachtree Street<br>Suite 2400<br>Atlanta, GA  30309<br>Email:  lwood@linwoodlaw.com | |

                                      s/Christopher C. Sabis
                                      CHRISTOPHER C. SABIS